(119 So. 594)

## BLAKELEY v. PEACE MOTOR CO.
### (4 Div. 433.)

Court of Appeals of Alabama. Jan. 15, 1929.

J. W. Kelley, of Phenix City, for appellant.

H. A. Ferrell, of Seale, for appellee.

Brief did not reach the Reporter.

RICE, J. This being a suit by appellee (vendor) against appellant (vendee) in detinue for an automobile, based upon the alleged default in the payments on what is commonly known as a conditional sale contract, as provided for in section 7400 of the Code of 1923, and the appellant (defendant) suggesting that the jury (in this case the trial judge, sitting without, or as, a jury) be required to "ascertain the amount of the * * * unpaid balance of the purchase price of the article sold," a failure to make such ascertainment or finding is fatal to the judgment rendered.

The record shows the suggestion mentioned, made by appellant, and the failure of the judgment to respond. For this error, the judgment must be reversed, and the cause remanded.

No other questions will be here considered.

Reversed and remanded.

(119 So. 595)

## EVANS v. STATE. (3 Div. 591.)

Court of Appeals of Alabama. Jan. 15, 1928.

Hybart, Hare & Dickey, of Evergreen, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Briefs did not reach the Reporter.

PER CURIAM. As so many times held by both the Supreme Court and this court, that citation of authority is deemed unnecessary, the indorsement "a true bill," signed by the foreman of the grand jury, is the life of the indictment. And where the record, on appeal, fails to show this indorsement on the indictment under which appellant was put on trial, the conviction cannot stand.

The record in this case reveals the omission of the aforementioned vital indorsement, and the judgment is reversed and the cause remanded.

Reversed and remanded.